# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT SANCHEZ, ) | 1:05cv0-0746 OWW DLB |
| ) | |
| Plaintiff, ) | ORDER GRANTING DEFENDANT'S MOTION TO COMPEL FURTHER DISCLOSURES |
| v. ) | |
| ) | (Document 10) |
| HEDRICK'S HALLOWELL CHEVROLET, et al., ) | |
| ) | |
| Defendants. ) | |

Defendant Hedrick's Hallowell Chevrolet ("Defendant") filed the instant motion to compel further disclosures on April 28, 2006.  Plaintiff Albert Sanchez ("Plaintiff") did not file an opposition or otherwise communicate with the Court.  Accordingly, the Court deems the motion suitable for decision without oral argument pursuant to Local Rule 78-230(h).

## **BACKGROUND**

Plaintiff filed this employment discrimination action in the Fresno County Superior Court on or about April 25, 2005.  Plaintiff was employed with Defendant until he was terminated on or about November 14, 2003.  Plaintiff states causes of action for (1) tortious termination in violation of public policy; (2) disability discrimination and retaliation in violation of the California Fair Employment and Housing Act ("FEHA"); (3) breach of an oral employment agreement; (4) breach of the implied covenant of good faith and fair dealing; and (5) intentional infliction of emotional distress.  Plaintiff requests general damages in the amount of $500,000 for

1

pain and suffering, special damages in the amount of $575,000.00 ($75,000 for loss of earnings to date and $500,000 for loss of future earnings), punitive damages, attorney's fees for the tortuous termination and FEHA causes of action, and costs.

Defendant removed the action to this Court on June 8, 2005, on the basis of federal question jurisdiction pursuant to section 301 of the Labor Management Relations Act. Defendant contends that Plaintiff was terminated for violating the moonlighting provision of the governing collective bargaining agreement.

Defendant filed this motion on April 28, 2006, and seeks to compel Plaintiff to provide disclosures regarding the calculation of all categories of damages he seeks pursuant to Federal Rule of Civil Procedure 26(a)(1)(C). Defendant also requests sanctions to compensate for the expenses in bringing this motion. Defendant did not file a joint statement pursuant to Local Rule 37-251 because despite previous agreements,[1] Plaintiff has not provided the disclosures and has failed to respond to Defendant's request for input into the draft joint statement. Declaration of Jason C. Parkin ("Parkin Dec."), ¶¶ 5-9.

## DISCUSSION

A.  Legal Standard

Federal Rule of Civil Procedure 26(a) provides for certain disclosures to be made within 14 days of the Rule 26(f) scheduling conference. Rule 26(a)(1)(C) provides for the disclosure of:

> (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

Rule 37 (a)(2)(A) allows for the filing of a motion to compel Rule 26(a) disclosures.

B.  Analysis

Plaintiff's initial disclosures included the following statement regarding damages:

> "Plaintiff seeks economic damages from the date of termination and continuing; Plaintiff seeks non-economic damages according to proof."

Exhibit A, attached to Parkin Dec., at 3-4.

---

[1] Plaintiff served his initial disclosures on October 4, 2005. Plaintiff first agreed to provide further disclosures by November 16, 2006, and then again by April 14, 2006.

2

1   Rule 26 does not define the specificity required in initial damages disclosures.  Thus, "guidance as to the adequacy of the disclosures must be gleaned from Rule 26(a)'s purpose: to 'accelerate the exchange of basic information' that is 'needed in most cases to prepare for trial or make an informed decision about settlement.'" City and County of San Francisco v. Tuto-Saliba Corp., 218 F.R.D. 219, 221 (N.D. Cal. 2003).  Early disclosure also functions to assist the parties in focusing and prioritizing their organization of discovery.  Id.  Given these purposes, a plaintiff should provide more than a lump sum statement of the damages allegedly sustained.  Id.  The "computation" of damages required by Rule 26(a)(1)(C) contemplates some analysis.  For example, in a claim for lost wages, there should be some information relating to hours worked and pay rate.  Id. (citations omitted).

The Court agrees that Plaintiff's statement regarding damages is insufficient.

Defendant's motion is therefore GRANTED.  Plaintiff shall supplement his damages calculation within ten (10) days of the date of service of this order.  Defendant's request for sanctions is DENIED.

IT IS SO ORDERED.

**Dated:   May 30, 2006**                     **/s/ Dennis L. Beck**
3b142a                                          UNITED STATES MAGISTRATE JUDGE