UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT SANCHEZ,<br><br>               Plaintiff,<br><br>          v.<br><br>HENDRICK'S HALLOWELL<br>CHEVROLET and DOES 1 TO 20,<br><br>            Defendants. | 1:05-CV-00746 OWW SMS<br><br>ORDER RE: HENDRICK'S HALLOWELL'S MOTION FOR TERMINATING SANCTIONS (DOC. 25) |

## I.   INTRODUCTION

This is an employment discrimination suit lawsuit filed by Albert Sanchez ("Plaintiff") against his former employer Hendrick's Hallowell Chevrolet ("HHC"). Plaintiff claims that he was terminated because of disabilities/injuries he sustained on the job and in retaliation for his filing workers compensation claims in connection with those injuries. HHC maintains that Sanchez was terminated for violating anti-moonlighting provisions contained within the Collective Bargaining Agreement that governed Plaintiff's employment with HHC. (Doc. 26, at 2.)

Before the court for decision is HHC's motion for sanctions based on Plaintiff's purported failure to comply with his discovery obligations. Specifically, HHC asserts that Plaintiff has failed to comply with a prior court order that requires him

**1**

1   to provide further disclosures regarding the damages sought in

2   this case.  HHC requests that Plaintiff's complaint be dismissed

3   or, in the alternative, that Plaintiff be barred from offering

4   any evidence regarding damages.  (Doc. 26.)  Plaintiff objects to

5   the issuance of any sanctions on the ground that he has offered

6   to dismiss the case without prejudice, with each party to bear

7   their own attorney's costs, but HHC refuses to agree to dismissal

8   under those terms.  (Doc. 29.)  Plaintiff's attorney declined to

9   appear for the hearing on this motion for sanctions, opting to

10  submit on the papers.

11

12

13                  **II.   PROCEDURAL HISTORY**

14      On April 21, 2005, Plaintiff filed a complaint in the

15  Superior Court for the County of Fresno, alleging tortious

16  termination in violation of public policy, termination and

17  retaliation in violation of California's Fair Employment and

18  Housing Act, Breach of Contract, Breach of the Implied Covenant

19  of Good Faith and Fair Dealing, and Intentional Infliction of

20  Emotional Distress.  (Doc. 1-1.)  HHC filed its answer in

21  Superior Court on June 7, 2005, asserting various affirmative

22  defenses, including the defense that the complaint is preempted

23  by section 301 of the National Labor Relations Act, 29 U.S.C.

24  § 185(a).  (Doc. 1-1.)  HHC removed the case to federal court on

25  the ground that it raises a federal question in that it arises

26  under section 301 of the National Labor Relations Act.  Plaintiff

27  did not object to removal.  Instead, both parties proceeded with

28  discovery.

                                  **2**

1    On April 28, 2006, HHC filed a motion to compel further

2  disclosures "regarding the calculation of all categories of the

3  damages he seeks in this case...," and requesting sanctions to

4  compensate HHC for the expenses, including attorney's fees,

5  incurred in bringing the motion to compel.  (Doc. 10 at 1.)

6  Before a decision on the motion to compel issued, HHC filed a

7  motion for summary judgment and a hearing was set for June 19,

8  2006.  (Doc. 14, filed May 19, 2006.)  On April 30, 2006,

9  Magistrate Judge Dennis L. Beck granted HHC's motion to compel,

10  but denied its request for sanctions.  (Doc. 23.)  Specifically,

11  Judge Beck reasoned:

12          Rule 26 does not define the specificity required in
            initial damages disclosures. Thus, "guidance as to the
13          adequacy of the disclosures must be gleaned from Rule
            26(a)'s purpose: to 'accelerate the exchange of basic
14          information' that is 'needed in most cases to prepare
            for trial or make an informed decision about
15          settlement.'" City and County of San Francisco v. Tuto-
            Saliba Corp., 218 F.R.D. 219, 221 (N.D. Cal. 2003).
16          Early disclosure also functions to assist the parties
            in focusing and prioritizing their organization of
17          discovery. Id. Given these purposes, a plaintiff should
            provide more than a lump sum statement of the damages
18          allegedly sustained. Id. The "computation" of damages
            required by Rule 26(a)(1)(C) contemplates some
19          analysis. For example, in a claim for lost wages, there
            should be some information relating to hours worked and
20          pay rate. Id. (citations omitted).

21          The Court agrees that Plaintiff's statement regarding
            damages is insufficient. Defendant's motion is
22          therefore GRANTED. Plaintiff shall supplement his
            damages calculation within ten (10) days of the date of
23          service of this order. Defendant's request for
            sanctions is DENIED.

24

25  (Doc. 23 at 3.)

26    Prior to the date for oral argument on HHC's motion for

27  summary judgment, HHC filed the instant motion for terminating

28  sanctions based on its allegation that Plaintiff failed to comply

   with Judge Beck's order compelling further disclosures.  The

1  hearing on the motion for summary judgment was vacated and the

2  motion for sanctions was set for hearing before the district

3  court. (Minute order filed July 10, 2006.)

4

5              **III.   DISCUSSION**

6      **A.   Request for Dismissal**.

7      Federal Rule of Civil Procedure 37(b)(2) provides that if a

8  party "fails to obey an order to provide or permit discovery" a

9  court "may make such orders in regard to the failure as are

10  just," including issuing:

11              (A) An order that the matters regarding which the order
               was made or any other designated facts shall be taken
12              to be established for the purposes of the action in
               accordance with the claim of the party obtaining the
13              order;

14              (B) An order refusing to allow the disobedient party to
               support or oppose designated claims or defenses, or
15              prohibiting that party from introducing designated
               matters in evidence;

16
               (C) An order striking out pleadings or parts thereof,
17              or staying further proceedings until the order is
               obeyed, or dismissing the action or proceeding or any
18              part thereof, or rendering a judgment by default
               against the disobedient party;

19
               (D) In lieu of any of the foregoing orders or in
20              addition thereto, an order treating as a contempt of
               court the failure to obey any orders except an order to
21              submit to a physical or mental examination;

22  Fed. R. Civ. Pro. 37(b)(2).  "Where it is determined that counsel

23  or a party has acted willfully or in bad faith in failing to

24  comply with the rules of discovery or with court orders enforcing

25  the rules or in flagrant disregard of those rules or orders, it

26  is within the discretion of the trial court to dismiss the action

27  or to render judgment by default against the party responsible

28  for noncompliance."  *G-K Properties v. Redevelopment Agency of*

**4**

1   *the City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978).

2   "Disobedient conduct not shown to be outside the control of the

3   litigant is all that is required to demonstrate willfulness, bad

4   faith, or fault."  *Henry v. Gill Industries, Inc.*, 983 F.2d 943,

5   948 (9th Cir. 1993).

6       Here, as a sanction for failing to provide further the

7   ordered disclosures regarding damages, HHC requests "an order

8   forbidding Plaintiff from offering any evidence in this case

9   supporting his alleged damages and/or that Plaintiff's case be

10  dismissed," the ultimate sanction.  (Doc. 26.)

11      In opposition to the motion for sanctions, Plaintiff asserts

12  that, soon after receiving the order granting the motion to

13  compel, Plaintiff drafted a stipulation of dismissal and faxed

14  that draft to counsel for HHC.  (Doc. 29, Chatoian Decl. at ¶¶5-

15  6.)  That draft stipulation provides for dismissal with prejudice

16  and that each side will bear its own costs and attorney's fees.

17  (Doc. 29.)

18      HHC rejoins that "[t]he mere fact that Plaintiff discussed

19  dismissal with Defendant did nothing to comply with the Court's

20  discovery order at issue in this motion...Hedrick's has never

21  consented to dismissal of the present action and is not obligated

22  to do so."  (Doc. 30.)  In fact, HHC asserts that it previously

23  refused to agree to a dismissal whereby each party would bear

24  their own costs.  HHC apparently made a counter-offer of

25  settlement to Plaintiff, to which Plaintiff has not responded.

26  Instead of responding to the counter-offer, Plaintiff apparently

27  submitted to HHC the above-mentioned draft stipulation, which

28  again requires each party to bear its own costs, the very offer

**5**

1   HHC previously rejected.

2        HHC is entitled to refuse to consent to dismissal under the

3   circumstances.[1]  Without such consent, Plaintiff needed to move

4   for dismissal with reasonable conditions.  An offer of dismissal

5   is insufficient to obviate Plaintiff of his discovery

6   obligations.  As Plaintiff's counsel declined to be present at

7   the hearing on this motion to demonstrate that Plaintiff's

8   disobedient conduct was outside his control.  *See Henry,* 983 F.2d

9   at 948.  Absent such a demonstration, there is no alternative but

10  to conclude that Plaintiff willfully failed to comply with his

11  discovery obligations.  *See id.*  Accordingly, under Federal Rule

12  of Civil Procedure 37, dismissal is an appropriate sanction if no

13  lesser sanction would be sufficient.  Here, given Plaintiff's

14  apparent abandonment of his claims on the merits, a sanction less

15  than dismissal with costs being awarded to defendant would be

16  ineffective.  Accordingly, Plaintiffs complaint is **DISMISSED WITH**

17  **PREJUDICE** for violating a court order.  Costs shall be awarded to

18  defendant as a matter of course.

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26

27

28
     [1]      Under California and Federal law, a prevailing party is
     entitled to recover costs of suit.

**6**

1      **B.      Requests for Monetary Sanctions**.

2          Defendant has also moved for monetary sanctions to

3    compensate HHC for reasonable attorney's fees and expenses

4    incurred in making this motion under Federal Rule of Civil

5    Procedure 37(a)(4)(A), which provides:

6              If the motion is granted or if the disclosure or
               requested discovery is provided after the motion was
7              filed, the court shall, after affording an opportunity
               to be heard, require the party or deponent whose
8              conduct necessitated the motion or the party or
               attorney advising such conduct or both of them to pay
9              to the moving party the reasonable expenses incurred in
               making the motion, including attorney's fees, unless
10             the court finds that the motion was filed without the
               movant's first making a good faith effort to obtain the
11             disclosure or discovery without court action, or <u>that
               the opposing party's nondisclosure, response, or</u>
12             <u>objection was substantially justified, or that other</u>
               <u>circumstances make an award of expenses unjust</u>.

13

14         Here, although Plaintiff's failure to comply with his

15   discovery obligations does warrant dismissal and the award of

16   costs to defendant as a matter of course, the posture of this

17   case does not warrant further monetary sanctions.  This motion

18   was filed <u>after</u> it became clear to all parties that Plaintiff

19   intended to abandon his claims, at a time when the only issue

20   that remained in dispute was whether Plaintiff should be required

21   to cover some or all of the costs and attorney's fees incurred by

22   HHC.  Awarding costs to defendant is an appropriate financial

23   sanction.  No further sanctions are justified.

24         Defendant has apparently filed a subsequent motion

25   requesting monetary sanctions to compensate HHC for Plaintiff's

26   failure to appear at a recent settlement conference.  This motion

27   is ordered off calendar.

28

**7**

1

**IV.   CONCLUSION**

2      For the reasons set forth above, Plaintiff's complaint is

3 **DISMISSED WITH PREJUDICE.**   Defendant shall submit a bill of costs

4 in accordance with the Federal Rules of Civil Procedure and the

5 Local Rules of the Eastern District of California.   Defendant

6 shall submit a form of judgement within ten (10) days of service

7 of this order in accordance with this memorandum decision.

8      The pending motion for sanctions (Doc. 35) is **ORDERED OFF**

9 **CALENDAR.**

10

11 **SO ORDERED.**

12

13 Dated: October 10, 2006

14

15                                **_/s/ OLIVER W. WANGER_____**
                                     **Oliver W. Wanger**
16                                **United States District Judge**

17

18

19

20

21

22

23

24

25

26

27

28

**8**